UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| HARRY LEE TELFAIR,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. CV407-187<br>[CR404-118] |

## REPORT AND RECOMMNEDATION

Harry Lee Telfair has filed a motion to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1 at 5.)[1] The government opposes the motion. (Doc. 7.) For the following reasons, Telfair's motion should be **GRANTED** so that he may pursue an out-of-time appeal.

On April 9, 2004, a federal grand jury returned an indictment charging Telfair with unlawful possession of a firearm by a convicted felon. (Cr. Doc. 1.) Represented by appointed counsel

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV407-187. "Cr. Doc." refers to documents filed in movant's criminal case, CR404-118.

Margaret Puccini, Telfair negotiated a plea agreement with the government and entered a guilty plea on July 14, 2004. Based on his status as an armed career criminal (which exposed him to a statutory minimum term of 180 months) and the government's motion for downward departure, the Court sentenced Telfair to 152 months' imprisonment in October 2004. (Cr. Docs. 29, 36.) Telfair did not appeal his conviction or sentence. Ms. Puccini, however, did not cease her representation of her client, as she prepared and filed several state habeas actions challenging certain prior state convictions on the ground that his guilty pleas were not knowingly and voluntarily made. On August 17, 2006, Ms. Puccini eventually succeeded in persuading the state court to vacate two of Telfair's previous state court convictions as unconstitutional. (Presentence Investigation Report ("PSI") ¶ 4.) Because Telfair's recommended sentence under the United States Sentencing Guidelines was lower without those two convictions, Ms. Puccini then filed a motion to reopen his federal case for resentencing, as he was no longer subject to the armed career criminal penalties. (Cr. Doc. 38.) Prior to the resentencing hearing, the probation office revised

Telfair's PSI to recalculate his guidelines range absent the two overturned state convictions. (Cr. Doc. 46 at 5.) Although the new guidelines range was 57 to 71 months' imprisonment, the probation office recommended that Telfair be sentenced to 120 months, reasoning that the guidelines range underrepresented the seriousness of his offense and his extensive criminal history.[2] (Cr. Doc. 46 at 6; PSI, Sentencing Recommendation at 1.) On December 21, 2006, the sentencing judge resentenced Telfair to 107 months' imprisonment. (Cr. Doc. 43.) Telfair did not pursue a direct appeal of his new sentence.

Telfair filed the present § 2255 motion on December 17, 2007, contending that Ms. Puccini failed to file a notice of appeal despite his specific request that she do so.[3] (Doc. 1 at 5; Doc. 2 at 3.) On

---

[2] Telfair's indictment stemmed from an incident in which he fired six bullets at his wife, with one striking her, in the presence of two minor children and other family members. (PSI ¶ 6.) Among his numerous prior convictions, Telfair served a custodial sentence for voluntary manslaughter after he and his brother entered their father's home and shot him. (Id. at ¶ 25.)

[3] Telfair also contends that Puccini performed ineffectively by failing to present mitigating evidence to the court and failing to object to the court's upward variance. (Doc. 1 at 6-8.) In addition, he claims that the sentencing judge erred in imposing a sentence outside the guidelines range without giving proper notice. (Id. at 9.)

3

June 16, 2008, the Court held an evidentiary hearing to inquire into the matter. Both Puccini and Telfair testified at the hearing.

The law is well settled "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (per curiam). Because a defendant is entitled to a direct appeal from his conviction as a matter of right, Rodriguez v. United States, 395 U.S. 327, 329-30 (1969), "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." Montemoino, 68 F.3d at 417; Flores-Ortega, 528 U.S. at 477.

Ms. Puccini testified at the § 2255 hearing that Telfair never instructed her to file an appeal. She acknowledged, however, that during her brief conversation with her client immediately following the resentencing hearing, Telfair indicated that he was not happy

with his sentence.[4] Consequently, when she returned to her office she enlisted the services of a summer associate, who spent considerable time researching whether there were any plausible grounds for an appeal. After reviewing that research and finding no appealable issues, Puccini sent a letter to Telfair informing him of her determination that "we do not have any basis to appeal your sentence." (Gov. Ex. 1.) She advised Telfair that she believed her representation "has come to a conclusion," although she invited him to contact her if he had any questions. (Id.) Puccini, who testified that she keeps meticulous telephone and billing records, did not hear from Telfair until January 8, 2007, well past the ten-day deadline in which he could file a timely notice of appeal.

Telfair recounted a different version of the events. He stated that on the day of the resentencing, he called Puccini from the Emanuel County Jail and instructed her to file a notice of appeal on his behalf. Telfair claimed that Puccini refused to file an appeal, telling him there were no viable grounds on which to appeal. He

---

[4] Counsel testified that even prior to the sentencing hearing, Telfair seemed convinced that he would be released from custody at that hearing and that her efforts to dissuade him from that view were largely unsuccessful.

5

also testified that after he received Puccini's letter, he again called her and asked her to file an appeal, and that once again she refused, stating that there were no grounds on which to appeal.

After considering the witnesses' inconsistent accounts of the events following sentencing, together with counsel's meticulous recordkeeping, the Court credits the testimony of Ms. Puccini that Telfair never specifically requested her to file a notice of appeal. Ms. Puccini was an exceptionally diligent and persistent advocate for her client, successfully challenging two of his state court convictions and thereby securing a 45-month reduction in his federal sentence. She clearly had her client's best interests at heart. She routinely accepted his telephone calls from the jail. Unlike Telfair, she kept detailed records of her contacts with her client, and those records do not reflect any telephone calls or other communications from Telfair during the ten-day period following the resentencing proceeding. Telfair's testimony that he repeatedly asked his attorney to file an appeal is simply unbelievable.

The Court nevertheless finds that because Puccini did not adequately consult with Telfair regarding his appeal rights, he is

entitled to an out-of-time appeal. In Flores-Ortega, the Supreme Court considered whether a defense attorney renders deficient performance by failing to file a notice of appeal when the defendant has neither instructed counsel to file an appeal nor asked that an appeal not be taken. The Court held that:

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

528 U.S. at 480. The Supreme Court noted that courts "will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." Id. at 481.

In this case, Telfair reasonably demonstrated that he was interested in appealing his new sentence, as he expressed "shock" and "unhappiness" that the sentence was substantially lengthier than that recommended by the recalculated sentencing guidelines. Furthermore, the Court believes that at least some rational defendants in Telfair's position would have chosen to appeal a sentence that varied so radically from the guidelines range (for

defendants file such appeals even where sentenced within the guidelines range). Accordingly, Puccini clearly had a duty to consult with her client regarding his appeal rights.

In <u>Flores-Ortega</u>, the Supreme Court explained that to satisfy the consultation requirement, counsel must advise "the defendant about the advantages and disadvantages of taking an appeal" and make "a reasonable effort to discover the defendant's wishes." <u>Id.</u> at 478. Rather than explaining the advantages and disadvantages of taking an appeal and making a reasonable effort to ascertain Telfair's desires regarding whether he wanted to appeal, Puccini wrote him a letter setting forth her legal opinion that there was no valid basis on which to appeal.[5] Puccini's testimony during the evidentiary hearing made clear that she mistakenly believed that she was not obligated to file an appeal that she considered to be meritless. Her letter to Telfair reflected this mistaken belief, thus leaving him with the impression that he had no right to appeal since there was no basis on which to appeal. See <u>Anders v. State of</u>

---

[5] The Eleventh Circuit recently noted in <u>Thompson v. United States</u>, 504 F.3d 1203 (11th Cir. 2007), that "[s]imply asserting the view that an appeal would not be successful does not constitute 'consultation' in any meaningful sense." <u>Id.</u> at 1207.

Cal., 386 U.S. 738, 744 (1967) (explaining that an attorney must file an appeal even if she believes it is meritless and detailing the procedures she must follow where a defendant requests that she file a frivolous appeal). Ms. Puccini freely admitted that at no point did she directly ask Telfair if he actually wanted to appeal. Rather, in her letter notifying him that there was no basis on which to appeal, she expressed her belief that her representation "has come to a conclusion." Additionally, she failed to expand upon the sentencing judge's instructions to Telfair that he had a right to appeal. As Puccini knew that Telfair was unhappy with his sentence and believed the district judge had treated him unfairly, she had a duty not only to assess the potential merits of an appeal but to determine whether her disgruntled client wished to pursue an appeal regardless of its merits. The Court finds that Puccini performed deficiently by failing to consult with Telfair regarding his right to appeal.[6]

---

[6] While the sentencing judge informed Telfair of his basic right to appeal, (Cr. Doc. 46 at 11), those instructions were not "so clear and informative as to substitute for counsel's duty to consult." Flores-Ortega, 528 U.S. at 479-80.

9

Under Strickland v. Washington, 466 U.S. 668 (1984), in order to prove ineffective assistance of counsel, a movant must also show that he was prejudiced by counsel's deficient performance. Flores-Ortega, 528 U.S. at 481. A movant cannot demonstrate the required constitutional prejudice under Strickland without showing that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484. Because direct appeals of a federal sentence are a matter of right, 18 U.S.C. § 3742, this Court must determine whether Telfair has shown that he would have appealed without regard to the putative merits of the appeal. Flores-Ortega, 528 U.S. at 485-86.

Both Telfair and Puccini testified that Telfair was unhappy with the sentence imposed and believed it to be excessive. Indeed, Telfair was "shocked" by a sentence that not only failed to allow his immediate release but required him to serve some five additional years of imprisonment. Under these circumstances, the Court finds that there is a reasonable probability that Telfair would have exercised his right to appeal if counsel's performance had not been

deficient. Telfair, therefore, has shown that he was prejudiced by his attorney's failure to consult with him about an appeal.

To summarize, counsel had a duty to consult with Telfair regarding an appeal, she failed to do so with the meaning of Flores-Ortega, and that failure prejudiced movant. Telfair's § 2255 motion, therefore, should be **GRANTED** so that he may pursue an out-of-time direct appeal.

The Eleventh Circuit set forth the procedure courts are to follow when granting out-of-time appeals in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). Pursuant to Phillips (1) the judgment in movant's criminal case should be vacated; (2) the Court should enter a new judgment imposing the same sentence; (3) movant should be informed of all of his rights associated with filing an appeal of his reimposed sentence, and (4) movant should be advised that he has ten days from the date of the reimposition of his sentence to file a timely appeal in accordance with Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. Id. As it is clear that Telfair desires to appeal, the Court should instruct the Clerk to file a notice of appeal on his behalf as soon as

the new judgment is entered. As Telfair is entitled to the assistance of counsel on direct appeal, the attorney appointed to represent Telfair during the § 2255 evidentiary should continue to represent him on appeal.

**SO REPORTED AND RECOMMENDED** this 25th day of September, 2008.

/s/ **G.R. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**