# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| HARRY LEE TELFAIR, | ) | |
| --- | --- | --- |
| Movant, | ) | |
| v. | ) | Case No. CV410-061 |
| | ) | CR404-118 |
| UNITED STATES OF AMERICA, | ) | CV407-187 |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

For the third time Harry Lee Telfair moves this Court for 28 U.S.C. § 2255 relief. Doc. 92 (third § 2255 motion); *see also* doc. 44 (second § 2255 motion); doc. 38 (first motion).[1] As this Court previously explained, his latest motion is not successive. Doc. 95 (reported at 2009 WL 5083597).

Telfair was indicted in 2004 for unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g)(1). [2] Doc. 1.

---

[1] All record cites are to the CR404-118 file.

[2] Telfair's indictment stemmed from an incident in which he fired six bullets at his wife, with one striking her, in the presence of two minor children and other family members. PSI ¶ 6. Among his numerous prior convictions, Telfair served a custodial

Represented by appointed counsel Margaret Puccini, he entered a negotiated guilty plea in 2004. Based on his status as an armed career criminal (exposing him to a statutory minimum term of 180 months under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1))[3] and the government's motion for downward departure, the Court sentenced him to 152 months' imprisonment. Docs. 29 & 36.

Telfair took no appeal. But Puccini filed state habeas petitions and successfully challenged two prior (March 1993 and July 1993) state convictions that supported his ACCA sentence. Doc. 1 at 1; doc. 38 at 2 ¶ 3; doc. 39 at 1; December 5, 2006 Presentence Investigation Report (PSI)

---

sentence for voluntary manslaughter after he and his brother entered their father's home and shot him. *Id.* at ¶ 25.

[3] Normally,

> a defendant who violates § 922(g)(1) may be "imprisoned not more than 10 years." 18 U.S.C. § 924(a)(2). But under the ACCA, a defendant who violates § 922(g)(1) "shall be ... imprisoned not less than fifteen years" if he "has three previous convictions ... for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). As relevant here, the ACCA defines "violent felony" as any crime punishable by more than one year in prison and that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). A defendant who is subject to the ACCA's enhanced penalties as an armed career criminal is also subject to higher offense and criminal-history levels under the sentencing guidelines. *See* U.S.S.G. § 4B1.4.

*United States v. Ellis*, 622 F.3d 784, 797 (7th Cir. 2010).

at 3 ¶ 4. Puccini then successfully moved under § 2255 for resentencing, as movant was now no longer subject to ACCA's penalties.[4] Docs. 38, 46.

Prior to the Court's resentencing hearing, the probation office revised Telfair's PSI to recalculate his guidelines range absent the two overturned state convictions. Doc. 46 at 5. The Court gave him 107 months. Doc. 43; *see also* doc. 46 at 8-9, 11-12. Again, Telfair did not appeal. Instead, he moved for § 2255 relief (hence, his second motion), contending that Puccini failed to honor his request to file a notice of appeal. Doc. 44 at 4. He also raised substantive errors. *Id.* at 5, 7.

---

[4] As another court explains:

> In *Custis v. United States*, 511 U.S. 485, 497, 114 S. Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court observed that if a defendant "is successful in attacking [his] state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences." Later, in *Daniels v. United States*, 532 U.S. 374, 382, 121 S. Ct. 1578, 149 L.Ed.2d 590 (2001), the Court again noted that if a challenge to an underlying conviction is successful in state court, "the defendant may then apply for reopening of his federal sentence," but added that if the prior conviction is no longer open to direct or collateral attack in its own right, then the federal prisoner can do nothing more about his sentence enhancement. Finally, in *Johnson v. United States*, 544 U.S. 295, 310, 125 S. Ct. 1571, 161 L.Ed.2d 542 (2005), the Court reiterated the holdings of *Custis* and *Daniels*, adding, *inter alia*, that from the date the district court enters judgment in the federal case, the defendant is obliged to act diligently to obtain the state-court order vacating the predicate conviction.

*Unites States v. Pettiford*, 612 F.3d 270, 276 (4th Cir. 2010); *see also Tarver v. United States*, 2009 WL 62445 at *5 (M.D. Ga. Jan. 8, 2009); *Spears v. United States*, 2008 WL 5398140 at * 8 (M.D. Fl. Dec. 24, 2008).

3

Following a § 2255 evidentiary hearing, the Court granted Telfair limited relief, finding "that because Puccini did not adequately consult with Telfair regarding his appeal rights, he is entitled to an out-of-time appeal." Doc. 62 at 6-7 (reported at 2008 WL 4974821 at * 3 (S.D. Ga. Nov. 21, 2008)), *adopted*, doc. 65. However, it did not reach Telfair's substantive claims since they should be raised on appeal. Doc. 65 at 2. The Court then enabled Telfair's appeal, doc. 66, which he took, doc. 67, but his new lawyer, Grant Smith, filed an *Anders* brief and the appeal was denied. Doc 78 (reported at 333 F. App'x 485 (11th Cir. 2009)).

While that second § 2255 motion was pending, Telfair successfully challenged another state court conviction (1997 theft-by-taking), doc. 94-1 at 1-2; doc. 100-1, but Smith failed to exploit it in seeking further reduction of Telfair's sentence, so Telfair's latest § 2255 motion alleges that Smith was ineffective[1] on that basis. Doc. 92 at 5 ("[f]ailure to

---

[1] In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

4

present vacated prior conviction in [appellate] brief"); *id.* at 15-16; doc. 94 at 2. The government deems the IAC claim moot because it

> concedes that Telfair should again be resentenced based on his now-vacated state court theft-by-taking conviction. *See Custis v. United States*, 511 U.S. 485 (1994) ("If *Custis* is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences."); *Daniels v. United States*, 532 U.S. 374 (2001) (same); *United States v. Walker*, 198 F.3d 811, 813-14 (11th Cir. 1999). Telfair's now-vacated prior [1997] conviction mattered at his federal resentencing. It counted for three of Telfair's criminal history points (PSI ¶ 34), and had the effect of raising Telfair from criminal history category III to IV. Without the conviction, Telfair's guidelines would have been reduced from 57-71 months to 51-63 months.

Doc. 100 at 7-8 (footnote omitted). The government also agrees that *Johnson's* due diligence concerns, *see Johnson*, 544 U.S. at 310, do not apply here. *Id.* at 7 n. 1. Finally, the government also notes Telfair's pending state habeas court challenge to yet another one of his prior state convictions. *Id.* at 8; *see also* doc. 92 at 8; doc. 94 at 4.

In light of the government's concession, Telfair's 28 U.S.C. § 2255 motion should be **GRANTED**, with a new sentencing hearing scheduled and (assuming he is indigent) counsel appointed. Doc. 92, *as amended,* doc. 94. Meanwhile, Telfair has moved for a "default" judgment and for "immediate release." Doc. 101, 103. Those motions are **DENIED**.

5

**SO REPORTED AND RECOMMENDED** this  15th  day of November, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA**